## Frank HERNANDEZ

v.

## HOME SAVINGS ASSOCIATION OF DALLAS COUNTY

v.

## James LYNN, Secretary of the Dept. of Housing & Urban Development.

### No. CA 3–74–818–C.

United States District Court, N. D. Texas, Dallas Division.

Feb. 2, 1977.

Ronald W. Kessler, Feather & Kessler, Dallas, Tex., for plaintiff.

Donald C. Templin, Dallas, TEx., for defendant and third party plaintiff.

Michael P. Carnes, U. S. Atty., William F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., for third-party defendant.

## SUPPLEMENTAL OPINION AND ORDER

WILLIAM M. TAYLOR, Jr., Chief Judge.

This cause is again before the Court on motion of third-party defendant for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

The facts and history of this case are fully reported D. C., at 411 F.Supp. 858. Suffice it to note here that plaintiff Hernandez sued defendant Home Savings for the recovery of a permanent finance charge paid by Hernandez' predecessor in title, Vista Hills Mobile Home Community, to Home Savings in connection with a federal mortgage agreement between Vista Hills, Home Savings, and the Department of Housing and Urban Development (HUD). Vista Hills had defaulted on its mortgage with Home Savings, and when HUD, as insurer of the mortgage, took over as mortgagee, Home Savings continued to hold the permanent finance charge, and received no instructions from HUD as to its disposition.

This Court, in its earlier opinion, held that the $23,319.24 permanent finance charge be paid to plaintiff, and based its holding on three grounds: 1) that the language in 24 C.F.R. 207.258 and in Provision 18 of the Mortgagee's Certificate was un-

ambiguous and retained title of the fund in the mortgagor, until "final endorsement for insurance," an event which never occurred; 2) that even if the language were ambiguous, it must be construed in favor of plaintiff, since HUD drew the document; and 3) that because HUDfailed to direct Home Savings, at the time the insurance claim was filed, as to the disposition of the fund, HUD was estopped from claiming any right to the fund.

HUD now urges the Court to relieve it from the earlier holding on the ground that HUD failed to place into evidence the Building Loan Agreement, executed by Vista Hills and Home Savings, and that said agreement "is plainly dispositive of the parties' respective rights . . . ." Movant's Brief, p. 5. Were this so, the Court would be inclined to grant the motion and amend its earlier holding, in light of the government's "mistake, inadvertence, surprise, or excusable neglect", Fed.R.Civ.P. 60(b)(1). However, because the Court is of the opinion that the Building LIoan Agreement, had it been timely placed into evidence, would not have altered the earlier judgment in favor of plaintiff, HUD's motion for relief from judgment must be denied.

HUD argues that the following language in paragraph 9 of the Building Loan Agreement plainly establishes HUD's absolute title to the funds:

> If [upon default] the Lender so elects to terminate this agreement, it may use and apply any funds deposited with it by the Borrower, regardless of the purpose for which such funds were deposited, in such manner and for such purposes as the Commissioner may prescribe.

The Court does not agree. The above language is consistent with this Court's interpretation of 24 C.F.R. 28(b)(4), especially in light of the fact that all fees and charges collected and held by the mortgagee as provided in Provision 5 of the Mortgagee's Certificate were rightfully forfeited by plaintiff. At the very most, the above language merely creates an ambiguity which must be interpreted against HUD, the drawer of the document.

Furthermore, the new language asserted by HUD provides that the Commissioner must prescribe the manner and disposition of the forfeited funds. This the Commissioner failed to do. As the Court found in its earlier holding:

> HUD gave no instructions to Home Savings, and when Home Savings was sued by Hernandez and sought instructions from HUD, Home Savings was told that HUD would not issue any instructions, but would leave Home Savings to proceed on its own.

411 F.Supp. at 861. Accordingly, the Court held HUD's failure to issue instructions estopped it from claiming entitlement to the fund at a later date. That holding is not disturbed by Paragraph 9 of the Building Loan Agreement.

Because the Building Loan Agreement would not alter this Court's April 28, 1976, finding in avor of plaintiff,

It is hereby ORDERED that third-party defendant's motion for relief from judgment is denied.